<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FOLGAR A. DIAZ**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE BANK OF NEW YORK, et al.,**<br><br>**Defendants.** | **Civil Action No. 15-1954 (ES) (MAH)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Pending before the Court is the motion to dismiss filed by The Bank of New York ("BNY"), Ocwen Loan Servicing, LLC ("Ocwen"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants").  (D.E. Nos. 10, 11).  The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

*Pro se* Plaintiff Folgar A. Diaz is the owner of a property located at 582 Madison Avenue, Elizabeth, New Jersey (the "Property").  (D.E. No. 1, Complaint ("Compl.") at 1, ¶ 1).[1]  Countrywide Home Loans ("Country") issued a residential loan (the "Loan") to Plaintiff for the Property on October 19, 2004.  (*Id.* at 4, ¶ 31).  On the same day, Plaintiff executed a note (the "Note") promising to pay Country in monthly payments.  (*Id.* at 4, ¶ 32).  Also on this date, Plaintiff executed a mortgage (the "Mortgage") identifying County as the lender and MERS as the beneficiary.  (*Id.* at 5, ¶ 33).

---

[1] For the purposes of citing to the Complaint, the Court will cite to the page and paragraph number.

According to Plaintiff, on November 30, 2004, the Note was bundled and sold to investors as a "Mortgage Backed Security, issued by BNY, entitled Alternative Loan Trust 2004-28CB, Mortgage Pass-Through Certificates, Series 2004-28CB" (the "Trust").  (*Id.* at 5, ¶ 34).  Upon belief, Plaintiff contends that Ocwen is the servicer of the Loan through successor in interest to Country.  (*Id.* at 5, ¶ 40).  Accordingly, Plaintiff asserts that "none of the Defendants own [the Loan] or [the Note], and cannot be and are not the Beneficiary under the [Mortgage] . . . and have no right to declare a default, to cause notices of foreclosures sale to issue or be recorded, or to foreclose" on the Property.  (*Id.* at 5, ¶ 34).

On March 17, 2015, Plaintiff filed the instant Complaint.[2]  (D.E. No. 1).  Specifically, the Complaint contains thirteen counts: (1) declaratory relief; (2) injunctive relief; (3) quiet title; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607; (10) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (11) fraud in the concealment; (12) intentional infliction of emotional distress; and (13) slander of title.  (*Id.* at 21-33, ¶¶ 45-167).

On May 4, 2015, Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).   (D.E. Nos. 10, 11).  Defendants assert that the Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to establish a case of controversy.  (D.E. No. 10-1, Brief in Support of Defendants' Motion to Dismiss ("Def.

---

[2] The Complaint is strikingly similar to other complaints filed in the District of New Jersey.  Aside from the names of the parties and dates regarding the Note and Mortgage, the Complaint is nearly identical to the complaints filed in at least three other cases before the Undersigned and numerous other cases before other District Court Judges in this District.

Mov. Br.") at 5-7).   Furthermore, Defendants assert that the Complaint should be dismissed for Plaintiff's failure to state a claim.[3]   (*Id.* at 7-25).

On May 13, 2015, Plaintiff filed a brief in opposition to Defendants motion to dismiss. (D.E. No. 12, Plaintiff's Response to Motion ("Pl. Opp. Br.")).  Plaintiff asserts that an actual controversy exists, but that Plaintiff should be granted leave to amend the Complaint.  (*Id.* at 2, 6). Importantly, Plaintiff also agreed to withdraw the illegal foreclosure claim.  (*Id.* at 2).  The motion is now ripe for adjudication.

## II.   JURISDICTION

Before addressing the merits, the Court must determine whether subject matter jurisdiction is proper.  Plaintiff alleges that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Plaintiff is resident of New Jersey, "Defendants are business entities organized in a state or jurisdiction other than New Jersey," and the amount in controversy exceeds $75,000.  (Compl. phs. 14-17).   The Court concludes that these allegations are sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though the pleading standard of Rule 8 does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In addition, the plaintiff's "short and plain statement of the claim" must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

---

[3] The Court finds Defendants' Rule 12(b)(6) argument to be the most persuasive, and grants the motion to dismiss on this basis.  Thus, the Court does not address Defendants' 12(b)(1) argument.

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court "must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Porher*, 363 F.3d 229, 235 (3d Cir. 2004)).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

IV.    **DISCUSSION**

    A.    **Count One (Declaratory Relief)**

Pursuant to Count One, Plaintiff seeks a "judicial determination" as to whether: (1) Defendants are the holders of the Note; (2) Defendants are the legal mortgagees and/or beneficiary under the Mortgage; (3) Defendants have lost money on the Loan; (4) the Trust has lost money on the Loan; (5) Country has been paid in full; (6) Defendants have complied with New Jersey Civil Codes regarding mortgages; and (7) whether BNY lawfully transferred its beneficiary interest in the Note and Mortgage.  (Compl. at 21, ¶ 49).

The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Before entering a declaratory judgment, "[t]here must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987).  "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination."  (*Id.*).

Here, Plaintiff seeks a declaratory judgment regarding the rights and interests under the Note and Mortgage.  However, Plaintiff has failed to allege an "adverse legal interest[] of sufficient immediacy."  *See Zimmerman*, 834 F.2d at 1170.  Indeed, Plaintiff asserts that "Defendants do not have the right to foreclose on the Subject Property," (Compl. at 18, ¶ 17), but fails to allege that Defendants have actually began the foreclosure process.  Rather, Plaintiff asserts that, "Defendants are *intending* upon having the Subject Property foreclosed."  (Compl. at 22, ¶ 54 (emphasis

added)).  Without an active foreclosure proceeding, Plaintiff has failed to establish an "adverse legal interest[] of sufficient immediacy."  *See Zimmerman*, 834 F.2d at 1170.  Accordingly, the Court grants Defendants motion to dismiss Count One *without prejudice.*

**B.      Count Two (Injunctive Relief)**

Count Two of the Complaint seeks to enjoin Defendants from selling the subject property. (Compl. at 22).  Federal Rule of Civil Procedure 65 allows district courts to grant injunctive relief in the form of temporary restraints.  Fed. R. Civ. P. 65.  "[I]njunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances."  *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994).  *See Funa v. Pepperidge Farm, Inc.*, No. 07-1743, 2011 WL 891242, at *4 (W.D. Pa. Mar. 11, 2011) ("Because a request for **injunctive relief** is just that—a request for relief—it is **not a *claim*** upon which relief can be granted.").  Accordingly, Plaintiff cannot sustain an independent claim for injunctive relief.

To the extent that Plaintiff is seeking injunctive relief based upon the other Counts contained in the Complaint, the Court denies such relief.   For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Here, Plaintiff has failed establish likelihood of success on the merits.  First, as indicated above, Plaintiff has failed to allege the existence of a live controversy.  Moreover, the undisputed facts do not support Plaintiff's requested relief.  Plaintiff does not dispute that he executed the Note, (Compl. at 4 ¶ 32), thus establishing the creation of debt.  Plaintiff has not alleged that he has paid the note in full, or that the loan is not in default.  More importantly, Plaintiff has failed to

clearly and sufficiently allege that there is an active foreclosure proceeding pending against the Property.  Accordingly, Plaintiff has failed to establish likelihood of success on the merits.  The Court hereby grants Defendants' motion to dismiss Count Two *without prejudice.*

### C.    Count Three (Quiet Title)

Count Three of the Complaint seeks a "judicial declaration quieting title to the Subject Property in favor of the Plaintiff."  (Compl. at 23, ¶ 66).  Pleading requirements for quiet title are established by the state's quiet title statute.  *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002).  According to New Jersey law, a complaint seeking quiet title "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character."  N.J. Ct. R. R. 4:62-1.  Furthermore,

>  [a]ny person in the peaceable possession of the lands in the state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same,  . . . and when no action is pending to enforce or test the validity of such title, . . . maintain an action in the superior court to settle the title . . . to clear up doubts and disputes.

N.J.S.A. 2A:62-1.  Accordingly, a plaintiff must describe the nature competing claims and allege facts demonstrating that the defendant's claim to the property is wrongful.  *English v. Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiff's Complaint contains nothing more than conclusory assertions that Plaintiff's interest is superior to Defendants' interest in the Property.  (Compl. at 23, ¶ 65).  Conclusory allegations regarding the Loan, the transfer of interest in the Note, or the illegal assignment of the Mortgage are not sufficient to establish quiet title.  *See Reyes v. Governmental Nat'l Mortg. Ass'n*, No. 15-64, 2015 WL 2448962, at *3 (D.N.J. May 21, 2015).  Plaintiff fails to allege any facts demonstrating the invalidity of the Note, Mortgage, or assignments, or that the

Note has been paid in full as to "clear up all doubts and disputes concerning" claims to the Property.  N.J.S.A. 2A:62-1.  Accordingly, the Court dismisses Count Three *without prejudice.*

### D.      Counts Four and Seven (Negligence Per Se & Breach of Fiduciary Duty)

In order to establish a common law negligence claim under New Jersey law, a plaintiff must prove: "(1) duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages.  *Polzo v. County of Essex*, 196 N.J. 569, 584 (2008) (establishing standard for negligence).  In order to assert a negligence per se claim, the plaintiff must establish that the defendant violated a statute that was designed to protect a class of individuals to whom the plaintiff belonged.  *See Cordy v. Sherwin Williams Co.*, 975 F. Supp. 639, 646 (D.N.J. 1997).   In order to establish a claim for breach of fiduciary duty, a plaintiff must show that: (1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury."  *Goodman v. Goldman, Sachs & Co.*, No. 10-1247 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010).

Here, Plaintiff's allegations, fail to state a cause of action for negligence per se or breach of fiduciary duty.  Indeed, "[i]t is well established that a bank does not owe a legal duty to a borrower."  *Galayda v. Wachovia Mortg. FSB*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010).  Thus, conclusory allegations that Defendants "acquire[d] a fiduciary duty towards the Plaintiff" and "breached that duty," (Compl. at 25, ¶¶  88, 89), are insufficient to establish a duty of care under either negligence per se or breach of fiduciary duty.  Accordingly, the Court dismisses Counts Four and Seven *without prejudice.*

### E.      Count Five (Accounting)

Under Count Five of the Complaint, Plaintiff asserts that "[s]ince the Originator sold the PLAINTIFF'S NOTE without endorsing the NOTE and without making and recording an

assignment . . . Plaintiff has been making improper mortgage payments to Defendants." (*Id.* 24 ¶ 75). Based on this allegation, Plaintiff is seeking an accounting.

However, Plaintiff fails to allege the existence of any contract or provision that entitles him to an accounting. Nor does Plaintiff contest that he was obligated to repay the Loan. Accordingly, Plaintiff has failed to establish a claim for an accounting. *See Gonzalez v. U.S. Bank Nat. Ass'n*, No. 14-7855, 2015 WL 3648984, at *6 (D.N.J. June 11, 2015); *see also Tolia v. Dunkin Brands*, No. 11-3656, 2011 WL 6132102, at *6 n.5 (D.N.J. Oct. 7, 2011) (stating that an accounting is a remedy, rather than a separate cause of action). As such, the Court dismisses Count Five *without prejudice.*

## F. Count Six (Breach of Covenant of Good Faith and Fair Dealing)

Count Six of the Complaint asserts a claim under the implied covenant of good faith and fair dealing. (Compl. at 25, ¶¶ 80-85). According to Plaintiff, the covenant "prohibited Defendants from activities interfering with or contrary to the rights of Plaintiff," (*Id.* at 25, ¶ 81), and that "the commencement of foreclosure proceeding upon the Subject Property without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the covenant," (*id.* at 25, ¶ 82).

In New Jersey, "the covenant of good faith and fair dealing calls for parties to a contract to refrain from doing anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*, 182 N.J. 210, 224-25 (2005) (internal quotation marks omitted). Accordingly, a plaintiff may be entitled to relief if "its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008).

Here, Plaintiff merely alleges that the foreclosure proceeding constitutes a breach of the covenant.  (Compl. at 25, ¶ 82).  This conclusory allegation does not express what reasonable expectations Plaintiff had.  Furthermore, Plaintiff fails to allege how Defendants acted "with ill motives and without any legitimate purpose."  (*Id.*).  Accordingly, the Court dismisses Count Six *without prejudice.*

### G.    Counts Nine and Ten (RESPA and HOEPA)

Plaintiff brings causes of action alleging a RESPA violation under 12 U.S.C. § 2607 and a HOEPA violation under 15 U.S.C. § 1639.  (*Id*. at 27-29 ¶¶ 105-123).  Plaintiff asserts that OCWEN and BNY are subject to the terms of RESPA and that Defendants violated § 2607 by "accepting charges for the rendering of real estate services which were in fact charges for other than services actually performed."  (Compl. at 27, ¶ 107).  Furthermore, Plaintiff asserts that Defendants violated HOEPA by failing to disclose that he could lose his home if failed to meet his financial obligations under the loan, and by "extending credit to Plaintiff without regard to his ability to pay."  (Compl. at 28, ¶ 115).

Claims for violation of RESPA under § 2607 are governed by a one-year statute of limitations.  12 U.S.C. § 2614.  Claims for rescission pursuant to HOEPA under § 1639 are governed by a three-year statute of limitation.  15 U.S.C. § 1635(f).  Here, Plaintiff's claims under RESPA and HOEPA are time-barred.  Plaintiff filed the Complaint on March 17, 2015.  (D.E. No. 1). However, the Loan originated on October 19, 2004.  Accordingly, Plaintiff's claim exceeds the respective one-year and three-year statute of limitations under RESPA and HOEPA.  As such, the Court dismisses Counts Nine and Ten *with prejudice.*

### H.    Count Eleven (Fraud in the Concealment)

Plaintiff asserts that Defendants committed fraud by concealing the fact that the Loan was securitized.  (Compl. at 29, ¶ 125).  Pursuant to Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon its to his damage."  *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992).

Here, Plaintiff has failed to allege that Defendants made a specific misrepresentation of fact.  Nor does Plaintiff allege how the facts were concealed or whether Defendants had a duty to disclose their intent to securitize the Loan.  *See Gonzalez v. U.S. Bank Nat. Ass'n*, No.14-7855, 2015 WL 3648984, at *10 (D.N.J. June 11, 2015) (dismissing plaintiff's fraud claim where there was no allegation of an affirmative misrepresentation or indication of how the facts were concealed).  Accordingly, Plaintiff has failed to allege fraud, and the Court dismisses Count Eleven *without prejudice*.

### I.    Count Twelve (Intentional Infliction of Emotion Distress)

To establish a claim for intentional infliction of emotional distress, a plaintiff must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Taylor v. Metzger*, 152 N.J. 490, 509 (1998).  The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988).  Courts have found outrageous conduct only in extreme

cases. *See Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001).

Here, Plaintiff has failed to establish a claim for intentional infliction of emotional distress. Plaintiff asserts that Defendants' actions led to Plaintiff being threatened with loss of the Property, and that Defendants' attempt to foreclose on the Property "is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community." (Compl. at 31, ¶¶ 141, 145). However, attempting to collect a debt does not rise to a level of outrageous conduct, especially under New Jersey's high bar for outrageous behavior. *See Gonzalez*, 2015 WL 3648984, at *11; *Fogarty v. Household Fin. Corp. III*, No. 14–4525, 2015 WL 852071, at *17 (D.N.J. Feb.2 5, 2015); *Francis v. TD Bank, N.A.*, No. 12–7753, 2013 WL 4675398, at *7 (D.N.J. Aug.30, 2013), *aff'd*, 597 F. App'x 58 (3d Cir. 2014). Accordingly, the Court dismisses Count Twelve *without prejudice*.

### J.      Count Thirteen (Slander of Title)

To assert a claim for slander of title, a plaintiff must establish that the defendant "falsely published an assertion concerning plaintiff's title which caused special damages to the plaintiff and that defendant acted out of malice." *Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*, 58 F. Supp. 2d 370, 388 (D.N.J. 1999) (quoting *Lone v. Brown,* 489 A.2d 1192, 1195 (1985)). Plaintiff asserts that Defendants "disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the . . . Notice of Default, Notice of Trustee's Sale, Trustee's Deed and the documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." (Compl. at 32 ¶ 155). However, the Complaint fails describe or allege what that the published documents are or the defamatory statements that were contained in the published documents. Accordingly, Plaintiff's conclusory allegations that

Defendants "disparaged Plaintiff's exclusive valid title" fails to state a claim.  *See Coleman v. Deutsche Bank Nat'l Trust Co.*, No. 15–1080, 2015 WL 2226022, at *6 (D.N.J. May 12, 2015) (dismissing slander of title claim based on conclusory allegation that "disparaged Plaintiff's exclusive valid title"); *Andujar v. Deutsche Bank Nat. Trust Co.*, No. 14-7836, 2015 WL 4094637, at *12 (D.N.J. July 7, 2015) (same).  As such, Count Thirteen is dismissed *without prejudice*.

## V.      CONCLUSION

Accordingly, the Court grants Defendants' motion to dismiss Counts One, Two, Three, Four, Five Six, Seven, Eleven, Twelve, and Thirteen *without prejudice*.  The Court also grants Defendants' motion to dismiss Counts Nine and Ten *with prejudice*.  An appropriate Order accompanies this Opinion.

<u>s/ Esther Salas</u>
**Esther Salas, U.S.D.J.**