NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FOLGAR A. DIAZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BANK OF NEW YORK, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 15-1954 (ES) (MAH)<br><br>**MEMORANDUM** |

*Pro se* Plaintiff Folgar A. Diaz ("Plaintiff") filed an amended complaint—after this Court had previously dismissed his original complaint—asserting five purported causes of action in a pleading containing over 200 paragraphs. (*See* D.E. No. 17). Defendants thereafter moved to dismiss the amended complaint under Federal Rule of Procedure 12(b)(6). (D.E. No. 19).

Thereafter, Magistrate Judge Michael A. Hammer issued an order directing the parties to provide a joint proposed discovery plan. (*See* D.E. No. 20). Defendants timely submitted a discovery plan, but stated that they "attempted to confer with the Plaintiff and sent the attached proposed discovery plan to the Plaintiff[,] but . . . did not receive a response or any comments." (D.E. No. 21). Indeed, Plaintiff did not sign the proposed discovery plan. (*See id.*). And Plaintiff has not opposed the pending motion to dismiss.

On October 4, 2016, Magistrate Hammer set a telephonic status conference for October 21, 2016. (D.E. No. 23). On October 19, 2016, Defendants submitted a letter to the Court in which, among other things, they advised that "multiple attempts to coordinate Plaintiff's participation in this conference have been made, however, all attempts have been unsuccessful."

(*See* D.E. No. 24 at 2 (detailing various attempts to contact Plaintiff)). Further, Defendants represented that "Plaintiff has not contacted [their] office about the status conference or provided a working telephone number." (*Id.*).

In a subsequent Order to Show Cause, Magistrate Hammer noted that Plaintiff "failed to make himself available, or appear, for the call" on October 21, 2016 and directed "Plaintiff to show cause in writing why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute this action and Federal Rule of Civil Procedure 16(f) for failure to comply with this Court's Order of October 4, 2016" by no later than November 18, 2016. (D.E. No. 25). To be sure, Defendants were ordered to serve a copy of the Order to Show Cause on Plaintiff at his last known address via overnight delivery and file proof of service with the Court—which they timely did. (*See id.*; D.E. No. 26).

Plaintiff has failed to submit any correspondence to the Court.

1. Accordingly, it appearing pursuant to Rule 41(b) of the Federal Rules of Civil Procedure that this Court may dismiss an action for failure to prosecute or for failure to comply with Court orders;

2. And upon consideration of the factors by which this Court's discretion must be guided, *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984), as well as the alternatives that are available to the Court;

3. And this Court concluding that dismissal is the appropriate sanction for Petitioner's failure to comply with multiple Court orders and engage in prosecution of this action;

4. This Court hereby exercises its discretionary authority and finds that this action must be dismissed as set forth in the accompanying Order.

                                                  *s/Esther Salas*
                                                  **Esther Salas, U.S.D.J.**